Monell, J.
An examination of the case of Townsend v. Hendricks (40 How. Pr., 148), has satisfied me *251 that the several cases in this court and. in the supreme court, sustaining the power of the court to make compulsory references in actions on insurance policies, have not been disturbed. The extent to which that case goes, is, that the right of trial by jury is absolute, in actions for torts; leaving untouched the principle established by the cases referred to, that where no question of fraud is involved, and a mere ascertainment of damages is required, the court may refer.
This power to refer was exercised as far back as 1829 (Samble v. Mechanics’ Fire Ins. Co., 1 Hall, 560), and was frequently reasserted, in this court and in the supreme court, previous to the adoption of the Constitution of 1846 ; and it may fairly be presumed that the framers of that instrument, when they preserved in the bill of rights, the trial by jury in cases in which it had been theretofore used, were fully apprized of the power which had previously been exercised by the court in this class of cases.
I have no doubt, therefore, that the court may still refer those cases, whenever it appears that the only question involved is the value of the property injured or destroyed.
But I do not think it is proper to refer this case.
A reference in any case is not a matter of right. Its primary object was to relieve the court of the tedious examination and investigation of long accounts; and formerly it was resorted to only in such cases. Its scope has been somewhat enlarged in later days, and the office of referee is now raised to the dignity of a court, with very nearly the same powers as a court. But the sole question is not always, whether or not the action is referable. There are other considerations which should have their weight in determining the matter; and if it can be seen that it may work a wrong, or a hardship, or be oppressive upon one or the other of thq parties, the court should not inflict such wrong or hard *252 ship, merely because its convenience or time may be disturbed.
I am satisfied this action can be tried in court during the sitting of about one day, and that each of the other three actions, can also be tried within a like time ; while a trial before a referee, from various causes, all proper in themselves, would occupy a much longer space of time. The expense, also, is very different. Besides the referee’s fees, which are no inconsiderable item, the counsel fees in trials before referees are necessarily, from the additional time required, and very properly, much greater, than in trials before a court and jury; and it is not difficult to conceive a case where these additional burdens would or might be, almost a, denial of justice.
The motion in this and the three other cases is denied.